IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DONALD RAY BARRETT, § | | |
| TDCJ-CID # 1177899, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-05-0104 |
| § | | |
| TEXAS BOARD OF PARDONS AND § | | |
| PAROLES and § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE - CORRECTIONAL § | | |
| INSTITUTIONS DIVISION, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Donald Ray Barrett, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against TDCJ-CID and the Texas Board of Pardons and Paroles under 42 U.S.C. § 1983. Barrett complains that he has been wrongly denied parole and has been subjected to enslavement as a result of the defendants' actions. The court will **DISMISS** this action as frivolous.

Barrett claims that he has maintained a clean disciplinary record while in prison and that his flat time and good time exceeds the length of his sentence. He admits that he is not eligible for release under mandatory supervision but asserts that he is serving a 3(g) sentence. *See* Tex. Code Crim. Pro. art. 42.12 § 3(g). Barrett complains that he has been denied parole despite his clean record and non-aggravated offense. He contends that TDCJ-CID officials have been instrumental in the denial by falsely informing the Parole Board that he is a gang member. Because of this the Parole Board has denied Barrett an early release on parole. Barrett further complains that the denial of parole has violated his rights because he has been forced to work. Barrett seeks $ 0.75 for each hour he has worked while he has been incarcerated in

the TDCJ-CID. *See* Complaint, Docket Entry No. 1, at 3. Barrett has also filed a motion for preliminary injunction (Docket Entry No. 3) in which he seeks an order to not be classified as a gang member and to be assigned to protective custody. He asserts that he is in fear of being assaulted because he may be confronted by gang members who want him to join their organization.

A suit for damages under 42 U.S.C. § 1983 must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). By challenging the Parole Board's decision to deny a release, Barrett challenges the duration of his confinement and must satisfy *Heck*. *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Barrett presents no allegation or evidence that the Board's decision has been overturned. Barrett's civil rights claim has no legal basis unless and until he obtains an appropriate judgment reversing his parole denial. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing Heck*, 114 S.Ct. at 2372.

Further, it would be futile for Barrett to seek a reversal of the Board's decision to deny parole because he cannot demonstrate that he was deprived of some right secured to him by the Constitution or the federal laws. *See Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). In general, an inmate does not have a constitutional right to be released before the expiration of a valid sentence. *Greenholtz v. Nebraska Penal & Corrections*, 99 S.Ct. 2100 (1979). Texas prisoners do not have a state created liberty interest in parole reviews for due process purposes. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Therefore, Barrett has failed to state a claim that would entitle him to relief regarding denial of parole. *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).

Barrett's claim regarding forced labor is equally baseless. As a prisoner Barrett does not have a right to refuse to work without pay. *Mikesa v. Collins*, 900 F.2d 833, 619, 620 (5th Cir. 1990); *Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir. 1988). Although the Thirteenth Amendment of the Constitution forbids involuntary servitude, the prohibition does not apply to prisoners who are incarcerated after being

convicted of state offenses. *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1167-68 (5th Cir. 1990). *See also Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir. 1996) (a pretrial detainee who was unlawfully incarcerated and was given a choice between remaining in jail or going to work was not subjected to involuntary servitude).

Further, Barrett cannot prevail in this action because he seeks monetary damages from the TDCJ-CID and the Parole Board. The Eleventh Amendment generally bars suits in federal court by citizens against their states or state agencies. *Pennhurst State School & Hosp. v. Halderman*, 104 S.Ct. 900 (1984); *Hirtz v. Texas*, 974 F.2d 663, 665 (5th Cir.1992). Moreover, a state and its agencies are not "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989).

Barrett's preliminary injunction motion (Docket Entry No. 3) does not warrant relief because he merely cites general fears of being attacked by gang members. Such fears are not sufficient to establish a violation of his rights. *Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996). Moreover, an inmate does not have a constitutional right to a particular classification. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The motion will be **DENIED** because Barrett has failed to show that he is in any real danger of being attacked and that the TDCJ-CID officials have been deliberately indifferent to his safety. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

This prisoner action shall be dismissed as frivolous because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Barrett has moved to proceed as a pauper. The motion is **GRANTED**. However, Barrett is **ORDERED** to pay the entire filing fee as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Barrett's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($250.00) has been paid.

It is, therefore, **ORDERED** as follows:

1.  The motion to proceed *in forma pauperis* (Docket Entry 2) is **GRANTED**.

2.  The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Order.

3.  The Motion for Preliminary Injunction (Docket Entry No. 3) is **DENIED**.

4.  This civil rights action, filed by Inmate Donald Ray Barrett, TDCJ-CID # 1177899, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

5.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 15th day of September, 2006.

*John D. Rainey*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE